# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | | |
|---|---|---|
| Danny C .Tindall, | ) | Civil Action No. 0:04-22345-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **O R D E R** |
| Jo Anne B. Barnhart, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Danny Tindall, brought this action pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F.Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See, e.g., Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in Flack v.Cohen, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not

follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

### Administrative Proceedings

In this case, the plaintiff applied for the aforementioned benefits in August 2001, alleging disability as of January, 1999 due to hernia disease, colon cancer and a respiratory disorder. The plaintiff's claim was denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on January 6, 2004. The ALJ thereafter denied plaintiff's claim in a decision issued on March 24, 2004. This determination became the final decision of the Commissioner when it was adopted by the Appeals Council. The plaintiff then filed this action in the United States District Court for judicial review.

The ALJ made the following findings in this case:

1. The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits, as set forth in Section 216(I) of the Social Security Act, and is insured for benefits through June 30, 2004.

2. The claimant has not engaged in substantial gainful activity since January 30, 1999, the alleged onset date.

3. The claimant's chronic obstructive pulmonary disease (COPD) and recurrent hernias are impairments considered "severe," based on the criteria in the Regulations at 20 CFR § 404.1520(b).

4. The claimant's severe impairments do not meet or medically equal the criteria of any listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The claimant's testimony did not support a finding of disability.

2

6.    All the medical opinions regarding the severity of the claimant's impairments have been carefully considered (20 CFR § 404.1527).

7.    The claimant has the residual functional capacity to perform a limited range of "light" work, as defined in 20 CFR § 404.1567, subject to the following additional limitations: he is to avoid all crawling, balancing, climbing of ropes, ladders and scaffolds and exposure to unprotected hazards and all exposure to pulmonary irritants, such as fumes, odors, dust and gases; and he is to avoid more than occasional stooping, kneeling, crouching and climbing of stairs or ramps.

8.    The claimant is unable to perform any of his past relevant work (20 CFR § 404.1565).

9.    The claimant is "closely approaching advanced age, on the alleged onset date, he was "a younger individual" (20 CFR § 404.1563).

10.    The claimant has a "limited" education (20 CFR § 404.1564).

11.    The claimant has transferable skills (20 CFR § 404.1568).

12.    Although the claimant cannot perform the full range of light work, using Medical-Vocational Rules 202.11 and 202.18 as a framework for decision-making, there are significant number of jobs in he national economy that he could perform.

13.    The claimant has been under a "disability"as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(f)).

### Facts

A review of the record indicates that the plaintiff was forty-eight (48) years old as of the date that he alleges he became disabled.  Plaintiff has a tenth-grade education and has past relevant work experience as a carpenter and construction laborer.

### Appeal from the Commissioner's Decision

Pursuant to Local Civil Rule 73.02(B)(2)(a), D.S.C., this action was referred to United States Magistrate Judge Bristow Marchant.  On December 1, 2005, Magistrate Judge Marchant filed a Report and Recommendation ("Report") which recommends to this court that the decision of the Commissioner be affirmed.  The plaintiff filed objections to the Report on December 15, 2005.

3

In conducting its review of the Magistrate Judge's Report, this court applies the following standard:

> The Magistrate Judge makes only a recommendation to the court, to which any party may file written objections . . . . The court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. The court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the court's review of the report thus depends on whether or not objections have been filed, in either case, the court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

Although the plaintiff's objections appear to be for the most part a restatement of the arguments made in the plaintiff's initial brief, the court will address the objections, and they are as follows:

**Plaintiff's Credibility**

The plaintiff first objects to the Magistrate Judge's conclusion that the ALJ's determination that the plaintiff's testimony was essentially credible and supported his residual functional capacity finding is supported by substantial evidence in the record. Plaintiff states that there is simply no way to comport plaintiff's testimony as to his restrictions with full time work activity. Plaintiff states that in this case the ALJ found the plaintiff credible, and as such, the plaintiff's testimony must be fully accepted. As such, plaintiff argues that his testimony is not compatible with the exertional capacity for light work, which is the residual functional capacity found by the ALJ.

This court notes that a claimant's allegations of pain, disability and limited function itself, or its severity, need not be accepted to the extent they are inconsistent with available evidence, including

4

objective evidence of the underlying impairment, and the extent to which the impairment can reasonably be expected to cause the pain the claimant alleges he suffers. A claimant's symptoms, including pain, are considered to diminish his capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4). Furthermore, "a formalistic factor by factor recitation of the evidence" is unnecessary as long as the ALJ "sets forth the specific evidence he relies in evaluating the claimant's credibility." White v. Massanari, 271 F.3d 1256, 1271 (10th Cir. 2001). Social Security Ruling 96-7p states that the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record." Furthermore, it "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to individual's statement and reasons for that weight." SSR 96-7p.

This court notes, as did the Magistrate Judge in the Report, that the ALJ's decision reflects that he discussed the plaintiff's hearing testimony and found that, although this testimony was "reasonably consistent with the weight of the medical evidence and was essentially credible; it simply failed to support a finding of disability." The ALJ noted that the plaintiff testified at the hearing that he became short of breath if he tries to walk more than two city blocks, and is only able to lift up to twenty-five (25) pounds. This court concurs with the Magistrate Judge's conclusion that such testimony is not inconsistent with the residual functional capacity found by the ALJ. Additionally, the court notes that the plaintiff testified he was able to engage in numerous daily activities such as driving an automobile, visiting people, including checking on his mother, and generally taking care of his own personal needs.

This court finds that the ALJ's determination that the plaintiff's testimony was reasonably consistent with the weight of medical evidence and was essentially credible, however, it simply failed

5

to support a finding of disability, is consistent with SSR 96-7p. The Fourth Circuit found in <u>Mickles</u> <u>v. Shalala</u>, 29 F.3d 918, 925-926 (4th Cir. 1994), that in assessing the credibility of the severity of reported subjective complaints, consideration must be given to the entire record, including the objective and subjective evidence. This court finds that the decision of the ALJ was supported by substantial evidence, as the ALJ's finding of credibility was not incompatible with a finding of nondisability.

**Residual Functional Capacity**

The plaintiff next argues that the Magistrate Judge erred in his conclusion that the ALJ correctly evaluated plaintiff's residual functional capacity consistent with Social Security Ruling 96-8p. The plaintiff argues that this conclusion ignores requirements of the ruling. The plaintiff notes that SSR 96-8p requires the residual functional capacity assessment "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and medical evidence (e.g., daily activities, observations).

It appears to this court that most of the plaintiff's objections on this issue are centered upon his chronic obstructive pulmonary disease ("COPD"). Specifically, the plaintiff objects to the ALJ's determination that Dr. Zotovic's opinion of disability was not supported by his own medical records and other medical evidence in the case. Plaintiff argues that the ALJ did not possess the expertise to find the treating physician's opinions are not supported by the raw data in his records. The plaintiff contends that the ALJ can properly weigh competing medical opinions, but in a case like this, there are too many pitfalls for a non-medical expert to try and examine a medical record to rebut a physician's opinion. The plaintiff states that in determining a physician's clinical findings did not support his conclusion as to functional restrictions, the ALJ exercised expertise he did not possess.

This court finds the plaintiff's objections in this regard are without merit. While it is well settled

6

that an ALJ cannot arbitrarily substitute his own judgment for competent medical evidence, statements that a patient is "disabled" or "unable to work" or meets the Listing requirements or similar statements are not medical opinions. This court concurs with the Magistrate Judge's finding that the ALJ correctly explained his decision to discount the opinion of disability of Dr. Zotovic, and there is substantial evidence in the record to support the ALJ's decision to do so. As the Magistrate Judge states in the Report, Dr. Zotovic's opinion of disability letter, is sandwiched between two follow-up examinations of the plaintiff conducted by Dr. Zotovic wherein he concluded on both occasions that the plaintiff's COPD was mild and under control. While this court agrees with the plaintiff that the ALJ is a non-medical expert and cannot interpret raw medical data, Dr. Zotovic's finding of mild COPD was a medical diagnosis and not raw data. This court concurs with the Magistrate Judge that the ALJ complied with SSR 96-8p in evaluating the plaintiff's residual functional capacity and sufficiently stated the reasons why the medical evidence and other evidence in the record, including the plaintiff's testimony, supported his conclusion. Therefore, this court also finds there is substantial evidence in the record to support the ALJ's determination regarding the plaintiff's residual functional capacity.

### Treating Physician Rule

The court initially notes that most of the plaintiff's objections regarding the treating physician rule are duplicative of the arguments made under the residual functional capacity section. The court finds that the plaintiff's arguments under the residual functional capacity section are more appropriate as objections regarding the treating physician rule. Although the objections appear to be repetitive, the court will briefly address the plaintiff's objections under the treating physician rule.

As such, the plaintiff objects to the Magistrate Judge's conclusion in the Report that the ALJ was not required to accept Dr. Zotovic's opinion of disability in light of contrary medical evidence,

7

including Dr. Zotovic's own treatment notes.  Plaintiff argues that Dr. Zotovic's notes do not support the ALJ's determination.  Plaintiff contends that the ALJ relied on Dr. Zotovic's comments that the plaintiff's COPD condition was stable, and such hardly constitutes grounds to throw out a treating physician's opinion, as this evidence is in no way inconsistent with the assessment of disability Dr. Zotovic provided.  Plaintiff argues that stable simply means the plaintiff's condition is unchanging, for better or for worse; it carries with it no connotation that the plaintiff's condition is not severe or disabling.  Plaintiff argues that the treating physician's opinion of disability is well supported by the evidence, and therefore, this case should be remanded so that the treating physician's opinion is to provide controlling weight in this case.

The opinion of the treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case.  See 20 C.F.R. § 416.927(d)(2) (2004); Mastro v. Apfel, 370 F.3d 171 (4th Cir. 2001).  However, as the court stated in the preceding section, statements that a patient is "disabled" or "unable to work" or meets the Listing requirements or similar statement are not medical opinions.  These are administrative findings reserved for the Commissioner's determination.  SSR 96-2p.  The court finds that in this case the ALJ explained his decision to discount Dr. Zotovic's opinion of disability and that there is substantial evidence in the record to support his decision to do so.  Again, Dr. Zotovic's opinion of disability letter fell in the middle of two examinations by Dr. Zotovic, wherein he concluded on both occasions that the plaintiff's COPD was mild and under control.  Furthermore, there are several other examinations by Dr. Zotovic in the record with the same finding.  Plaintiff argues that Dr. Zotovic found the plaintiff's COPD as stable and such does not discount his opinion of disability, however, the court notes again that Dr. Zotovic made a finding on numerous occasions that

8

the plaintiff's COPD was mild. This court finds that the ALJ was correct to find that there is substantial evidence in the record, including Dr. Zotovic's own records, to discount Dr. Zotovic's opinion of disability. Therefore, this court concurs with the Magistrate Judge that the ALJ did not violate the treating physician rule and finds the plaintiff's objections in this regard to be without merit.

### Conclusion

On the record before it, this court must overrule all of the plaintiff's objections. After carefully reviewing the record in this matter, the applicable law, and the position of the parties, the court affirms the Commissioner's decision, finding that it is supported by substantial evidence.

For the foregoing reasons, all objections are overruled, the Report and Recommendation of the Magistrate Judge is incorporated herein, and the decision of the Commissioner is hereby **AFFIRMED**.

**IT IS SO ORDERED**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

March 31, 2006
Florence, South Carolina

9